UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ETHAN MODERSON
970 Higgins Ave.
Neenah, WI 54956

RYAN MODERSON
728 S. Fairview St.
Appleton, WI 54914

MICHAEL PETERSON                                             Case No. 1:21-CV-
209 Marten St., Neenah, WI 54956

STEPHEN ERATO
733 Yorkshire Rd.
Neenah, WI 54956

GEORGE FUERTE
1401 E. Cass St., Apt. B
Appleton, WI 54915,                          Plaintiffs,

v.

CITY OF NEENAH
a Wisconsin municipal corporation
211 Walnut Street
Neenah, WI 54956

Sgt. ANGELA EICHMANN n/k/a ANGELA WOLDT
719 Foster Rd.
Redgranite, WI 54970

Lt. SHAUN O'BRE
c/o Neenah Police Department
2111 Marathon Avenue
Neenah, WI 54956

Lt. TYRON THOMPSON
c/o Neenah Police Department
2111 Marathon Avenue
Neenah, WI 54956

Officer JONATHAN KUFFEL
c/o Neenah Police Department
2111 Marathon Avenue
Neenah, WI 54956

Officer MARLY HEITING
c/o Neenah Police Department
2111 Marathon Avenue
Neenah, WI 54956

Unknown and unnamed police officers from the
Neenah Police Department, "Steven Doe" and "Sally Roe,"

Defendants.

_____/

<b>FEDERAL COMPLAINT WITH JURY DEMAND</b>

NOW COMES the above-named Plaintiffs, by and through attorney WALTER W. STERN III, and for the causes of action against the above-named Defendants, Plaintiffs allege and show claims for relief as follows:

<b>NATURE OF THE CASE</b>

1. This is a civil action based on the intentional and unlawful detention and/or arrest of the Plaintiffs, Stephen Erato, Michael Peterson, Ethan Moderson, Ryan Moderson and George Fuerte, by Defendants Unnamed Officers Steven Doe and/or Sally Roe as officers and employees of the City of Neenah, in their individual capacities, while acting within the scope of their employment as City Police Officers and acting under color of state law.

2. On the morning of December 5th, 2015, Michael Funk was working at the Eagle Nation Cycles, Inc. ("Eagle Nation"), located at 206 Main Street in Neenah, Wisconsin, and Plaintiffs Michael Peterson, Ethan Moderson, Ryan Moderson, Stephen Erato, and George Fuerte were present in the motorcycle shop.

3. The Neenah Police Department was specifically notified that individuals were hostages and that the hostage taker was named Brian Flatoff ("Flatoff").

4. Soon after arriving at the scene of the incident, Officers Hoffer, Ross, O'Bre, Thompson, Kuffel, and Heiting were gathered together as a SWAT team and were told that there was a sole hostage taker whose nickname was "Shotgun" or "Bob." It was well known by each of the Defendant Officers that the term "Shotgun" referred to Flatoff, who was the individual present at Eagle Nation and holding Plaintiffs hostage.

5. The above-named Officers formed a hasty response team ("Team") and made an assault through the back door of Eagle Nation.

6. The Team made its assault through Eagle Nation's rear entrance located on an alley behind Main Street. After an exchange of gunfire with Flatoff, the Team withdrew from Eagle Nation and abandoned the assault. Officers Hoffer and Ross then took up protected positions next to Vicky's Beauty Shop ("Vicky's") at the corner of Doty Avenue and the Alley, northeast of Eagle Nation's rear entrance. At the time of the assault, there were shots from one gun; and Flatoff was the sole hostage taker and there was no evidence to the contrary that would lead anyone to belief that the individuals inside the business establishment were prepared and intended to ambush the City of Neenah Police Officers.

7. That Gerald Elke had talked to Flatoff before the hostage taking at which time Flatoff advised of his intention to go armed to Eagle Nation and to take hostages to get his motorcycle back. Mr. Elke so informed an unknown Detective at the Neenah Police Dept. that it was Flatoff who was the hostage taker.

8. The Team members had been told by the Neenah PD that Flatoff was holding multiple hostages at Eagle Nation, that during the assault they had not been able to clearly see the persons in Eagle Nation, had not been able to identify who was shooting at them and had not been able to observe what other persons in Eagle Nation were doing. Despite this, they concluded without any rational basis that there were no hostages and that all of the persons in Eagle Nation were trying to ambush them. Hoffer, O'Bre and other police officers currently unknown, had raided the Eagle Nation shop on September 21st, 2012, and formulated a preconceived and unreasonable notion that this place of business was, in fact, a motorcycle gang dealing in drugs and firearms, and otherwise were so lawless that they would ambush said officers for absolutely no reason, and there was no basis in fact for such beliefs.

9. That none of the Plaintiff hostages posed any threat to the above-mentioned Neenah Police Officers, including Michael Funk, who was needlessly shot and killed in the alley behind Eagle Nation by Defendant Officers Ross and Hoffer; allegedly believing he was the hostage taker.

10. That the shooting of Michael Funk was found justified in a lawsuit entitled *Theresa Mason Funk v. City of Neenah*, et al, Case No. 1:16-cv-978, wherein US District Judge William Greisbach granted summary judgment for the defendants, dismissing the case with prejudice, on November 1, 2017. The case was affirmed by the 7th Circuit Court of Appeals in Case 17-3380 on the 10th day of July, 2018.

11. That Michael Funk entered the alley and was shot by City of Neenah Officers Ross and Hoffer; however, there remained hostages within the business establishment.

Steve Erato was in the basement on the telephone with 911 describing exactly the entire hostage situation and indicating that a sole individual had entered the establishment with a gun and was holding the people on the first floor as hostages.

12. That further, Vance Dalton contacted 911 as well and indicated to the dispatcher that Brian Flatoff wanted his motorcycle from him and was holding the people at Eagle Nation hostage to force him to come to Eagle Nation and provide him with his motorcycle. Dalton advised that the motorcycle was his as a result of him posting bail for Flatoff; Flatoff contended the motorcycle was his and that he wanted the motorcycle back.

13. That each and every hostage and Ethan Moderson was handcuffed, detained and taken into custody for various periods of time, and were treated as criminals as opposed to hostages.

14. That this lawsuit is brought pursuant to Title 42 USC § 1983, the 4th and 14th Amendments to the United States Constitution prohibits unlawful search and seizure, including unlawful detention as well as unlawful arrests of innocent people without probable cause and without any warrant for the arrest of said hostages.

15. These rights are guaranteed by the 4th and 14th Amendments to the United States Constitution

**JURISDICTION AND VENUE**

16. The Court has jurisdiction of this action pursuant to 42 U.S.C. § 1331 and § 1367.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b) as Defendants are located in this District and/or have a regular and established place of business within this

District and the events and omissions giving rise to the claims which are the subject of this action occurred within this District.

18. Additionally, all Plaintiffs currently reside within the jurisdiction of the Eastern District of Wisconsin and resided within said jurisdiction on December 5, 2015.

**PARTIES**

19. Plaintiff Ethan Moderson ("ETHAN") is an adult, although at the time of the incident he was a minor, and he resides in Neenah, Wisconsin. He was visiting his father, Plaintiff Ryan Moderson, at Eagle Nation on the morning of December 5, 2015, left and was arrested, handcuffed and placed in a Neenah police vehicle.

20. Plaintiff Ryan Moderson ("RYAN") is an adult, a visitor at Eagle Nation on December 5, 2015, and resides in Appleton, Wisconsin.

21. Plaintiff Michael Peterson ("PETERSON") is an adult. Upon information and belief, he resides in Neenah, Wisconsin. He was a visitor at Eagle Nation on the morning of December 5, 2015.

22. Plaintiff Stephen V. Erato ("ERATO") is an adult and resides in Neenah, Wisconsin. ERATO was a co-owner of Eagle Nation (with decedent Michael Funk) and was also an employee of Eagle Nation on December 5, 2015.

23. Plaintiff George Fuerte ("FUERTE") is an adult and resides in Neenah, Wisconsin. He was a tattoo artist who worked out of Eagle Nation on December 5th, 2015.

24. Defendant Sargent Angela Eichmann ("EICHMANN") n/k/a Angela Woldt is an adult who resides in Redgranite, Wisconsin. On December 5, 2015 and at all times material to this lawsuit, Sargent Eichmann was employed by the Neenah PD as a police officer.

25. Defendant Officer Shaun O'Bre ("O'BRE") is an adult who resides in Neenah, Wisconsin. On December 5, 2015 and at all times material to this lawsuit, Officer O'Bre was employed by the Neenah PD as a police officer.

26. Defendant Officer Tyron Thompson ("THOMPSON") is an adult who resides in Neenah, Wisconsin. On December 5, 2015 and at all times material to this lawsuit, Officer THOMPSON was employed by the Neenah PD as a police officer.

27. Defendant Officer Jonathan Kuffel ("KUFFEL") is an adult who resides in Neenah, Wisconsin. On December 5, 2015 and at all times material to this lawsuit, Officer KUFFEL was employed by the Neenah PD as a police officer.

28. Defendant Officer Heiting ("HEITING") is an adult who resides in Neenah, Wisconsin. On December 5, 2015 and at all times material to this lawsuit, Officer Heiting was employed by the Neenah PD as a police officer.

29. Defendant City of Neenah is a Wisconsin municipal corporation under the laws of the State of Wisconsin, with its principal place of business at 211 Walnut Street, Neenah, WI 54956. The City maintains and operates the Neenah PD.

30. The City of Neenah PD is responsible for engaging in the custom and practice of lack of training on the use of force; lack of educating police officers in how to handle a hostage situation in a lawful and legally correct manner; and how to treat victim-witnesses under § 950.00 Wis. Stats.

31. At all times relevant to this Complaint, the Neenah Police Officers named in this complaint acted within the scope of their employment and under color of statutes, ordinances, rules and regulations, customs and usage of the State of

Wisconsin, the City of Neenah and the Neenah PD. Plaintiffs are suing Defendant Officers in their individual capacities.

## FACTUAL ALLEGATIONS

32. At the time of the events giving rise to this Complaint, ERATO co-owned and operated Eagle Nation with Michael Funk. Eagle Nation sold and repaired motorcycle and was a duly authorized LLC under Wisconsin law.

33. On the morning of December 5, 2015, Flatoff took a 9mm semi-automatic handgun and several loaded magazines and went to the Shop. Flatoff intended to confront Vance Dalton, who had previously taken possession of Flatoff's motorcycle in return for furnishing Flatoff with bail money and had left the motorcycle at the Shop.

34. Flatoff arrived at the Shop at approximately 8:30 AM on December 5th. At that time Michael Funk, ERATO, RYAN and FUERTE were at Eagle Nation. Flatoff held Michael Funk and the other persons present, the Plaintiffs in the instant action, as hostages, excepting ETHAN, who was outside Eagle Nation in front of PETERSON's house. Defendant PETERSEN subsequently entered Eagle Nation and was also held as a hostage. Flatoff demanded that his motorcycle be put back together and returned to him. Ryan Moderson then started putting the motorcycle back together.

35. The Neenah PD was alerted to the Incident and dispatched officers to the scene of the Incident, including some from the Menasha Police Department. The officers included Lt. O'BRE, who was the officer in charge at the scene of the incident, and Officers Craig Hoffer and Robert Ross. Other law enforcement

agencies in the Neenah area also dispatched officers and equipment to Eagle Nation.

36. Prior to the time Michael Funk was shot and the hostages taken into custody, the 911 dispatcher and the Defendants were informed of the following facts and communicated those facts:

   a. That the only hostage-taker was Brian Flatoff.

   b. That there were multiple hostages in the Shop.

   c. That Flatoff had both the motive and opportunity to take back his motorcycle and was holding hostages so he could effectuate the transfer of the motorcycle to him.

   d. That Flatoff was identified as a white male wearing a wool hat (the only person wearing a wool hat), tall, thin, with a long beard and wearing a plaid jacket.

   e. That FUERTE and PETERSON were wearing regular civilian clothes; Michael Funk, ERATO and ETHAN were wearing the company uniform, to wit: black pants, black shirt with Eagle Nation written in yellow letters.

   f. That it was also known that none of the hostages had the motive or the desire to ambush the Neenah Police Officers on that date.

**THE TEAM'S ASSAULT ON EAGLE NATION**

37. Shortly after O'BRE and other Team members reached Eagle Nation, O'BRE decided to make an assault on the Eagle Nation. He formed the Team to make said assault. The Team members included Officers Craig Hoffer, Robert Ross, and Defendants O'BRE, THOMPSON, KUFFEL, and HEITING.

38. At approximately 9:42 AM, the Team (excepting HEITING) launched its assault by charging into Eagle Nation through the rear entrance which was located on the alley.

39. At the time the Team entered Eagle Nation it was bright outdoors and relatively dark inside the premises. It would have been difficult for the Team members to

clearly see inside Eagle Nation. Team members made no effort to identify Flatoff and the hostages to determine their exact location, to distinguish between them, or tell that the people were intending to ambush the Team.

40. The first two Team members to enter Eagle Nation were THOMPSON and O'BRE and they fell down a staircase next to the door.

41. Officer Craig Hoffer never did fully enter Eagle Nation, but had approached the doorway; Officer KUFFEL entered only 5 to 15 feet into Eagle Nation. Flatoff then fired his gun at Officers KUFFEL and Craig Hoffer.

42. Following the exchange of gunfire with Flatoff, the Team members abandoned the assault and retreated. Officers Hoffer, Ross and Defendant EICHMANN went to the northeast corner of Vicky's and remained in that vicinity, where they were protected from any shooter in the Alley. Defendant EICHMANN, Neenah PD Lt. Angela Hanchek and Officer Raymond Berna of the Menasha Police Department were also at that location at that time.

43. Following the assault, the above Defendants, together with Officers Hoffer and Ross, had a preconceived stereotype that the individuals within Eagle Nation were connected with a motorcycle gang; were armed and dangerous; were drug dealers; were members of a gang possessing dangerous weapons; and, therefore, set an ambush for the police and posed a threat, despite the dispatcher indicating that the name of the hostage taker was Flatoff (an individual well known to the Defendants as violent.) That the hostages in the basement, FUERTE and ERATO, did not meet the description of the hostage taker, nor was there any evidence whatsoever that they were armed and dangerous.

44. Despite knowledge of these facts, hostage Michael Funk was inexplicably shot and killed in the Alley behind Eagle Nation by Officers Craig Hoffer and Robert Ross at 9:45 a.m.

45. That none of the hostage Plaintiffs met the description of the hostage taker; each were going about their business in a lawful manner; and none of them did anything to indicate they had planned or were in the process of ambushing any police officers from the City of Neenah or elsewhere.

46. That prior to December 5th, 2015, to wit: on September 21st, 2012, Officer Craig Hoffer and other members of the Neenah PD raided Eagle Nation, in military fashion, and ransacked the entire establishment; found some weapons which were contained in a locked gun box in a locked closet; and found .9 grams of marijuana in a briefcase.

47. At the time of the December 5th, 2015 incident, there was a pending lawsuit against Craig Hoffer and others in the United States District Court for the Eastern District of Wisconsin pertaining to the 2012 raid on Eagle Nation.

48. That Officer Craig Hoffer and the named Defendants, had formed an impression that Eagle Nation was not really a business, but was a biker gang possessing dangerous weapons, dealing in drugs, and committing other crimes.

49. That this belief, and the pending lawsuit, motivated the Defendants in their handling of the December 5th, 2015 hostage event and handling the hostages as criminals after Michael Funk was shot and killed by Officers Ross and Hoffer in the alley.

**VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO THE**
**4th AND 14th AMENDMENTS TO THE US CONSTITUTION**

50. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1

through 48 as if more fully set forth herein.

51. Plaintiff ETHAN was in front of PETERSON's house and was wearing the Eagle Nation uniform of black pants and a black shirt with yellow Eagle Nation lettering. H was arrested and/or detained by EICHMANN without probable cause he committed a crime or municipal ordinance violation, contrary to the 4th and 14th Amendment to the United States Constitution.

52. Plaintiff FUERTE was the first hostage released by Flatoff at approximately 10:00 a.m. Defendant EICHMANN ordered FUERTE to kneel, was handcuffed and searched, questioned and then placed in EICHMANN's police vehicle. He was later transported to the Neenah Police Station and interviewed by police agents from the State of Wisconsin. This interview took place at 1:20 p.m., over three hours after he was held hostage at Eagle Nation.

53. Plaintiffs PETERSON and RYAN were the next two hostages released from Eagle Nation by Flatoff. They were both directed to raise their hands, were handcuffed and searched, then placed in separate squad cars. Defendants O'BRE, THOMPSON, and HEITING were involved in detaining these Plaintiffs. Defendant KUFFEL searched RYAN. He was released some time thereafter in order to be with his son, Plaintiff ETHAN. Plaintiffs RYAN and ETHAN were directed to appear at the Neenah Police Department to be interviewed by State agents at approximately 1:50 p.m.

54. Plaintiff PETERSON was handcuffed, searched and detained by Defendant KUFFEL. He was thereafter transported to the Neenah PD for questioning, arriving at approximately 12:40 p.m.

55. The last hostage was Plaintiff ERATO, who was able to walk out of Eagle Nation on his own at approximately 1:06 p.m., after Flatoff eventually surrendered to the Defendant officers at 12:56 p.m. It is unknown at this time which of the Defendants placed Plaintiff ERATO into custody.

56. All Plaintiff hostages were directed by various Defendant Officers to raise their hands as if under arrest, were "patted down," were handcuffed and put in squad cars as criminals, despite there being no evidence of a crime being committed, no probable cause to arrest or detain and no arrest warrant, all contrary to the 4th and 14th Amendments to the United States Constitution

57. That these Plaintiff hostages had guns pointed at them by Defendant police officers.

58. That Defendants had no reason to believe the Plaintiff hostages were armed and dangerous; posed a threat to said Officers; had participated in an ambush attempt; or had violated any municipal and/or state statute justifying detention and/or arrest.

59. That each of the Plaintiffs were placed in custody for various periods of time alleged above, and as a proximate result, suffered pain, emotional anxiety, depression, PTSD and other physical and emotional trauma justifying an award as of compensatory damages as a proximate cause of each and every Defendants' unconstitutional seizure and detention in an amount to be determined by the jury.

60. That as alleged in this Complaint, each of the Plaintiffs were detained for various periods of time maliciously and/or recklessly, justifying an award of exemplary or punitive damages in an amount to be determined by the jury.

61. That not only were the Defendant Officers' conduct intentional and/or reckless, but, contrary to all information received from dispatch and at the station, including after

Michael Funk was shot, it was learned within two minutes later that Michael Funk was a hostage and not a hostage-taker. It was then known that the hostages inside were not people gathering for an ambush, but were victims of a crime, contributing to the unreasonable nature of the seizures since Chapter 950 of the Wisconsin Statutes provides a humane protocol for the treatment of victims and witnesses of crimes which terms were in full force and effect on December 5th, 2015.

## DEMAND FOR JUDGMENT

WHEREFORE, the Plaintiffs demand judgment against the Defendants as follows:

a. That the Plaintiffs be awarded compensatory damages in an amount to be determined by the jury;

b. That the Plaintiffs be awarded punitive or exemplary damages against the Defendants in an amount to be determined by the jury;

c. For all costs, disbursements, and reasonable attorney's fees under USC § 1988; and

d. For such other and further relief as the Court deems just and equitable.

## PLAINTIFF HEREBY DEMANDS A JURY TRIAL OF THIS ACTION ON ALL ISSUES SO TRIABLE.

Dated this ___ day of February, 2021

By: *electronically signed by Walter W. Stern III*
WALTER W. STERN III
Counsel for Plaintiffs
920 85th Street, Unit 123
Kenosha, WI 53143
(262) 880-0192/(262) 997-1101
wstern111@gmail.com