UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ETHAN MODERSON, et al.,

        Plaintiffs,

        v.                                                                    Case No. 21-C-272

CITY OF NEENAH, et al.,

        Defendants.

## ORDER DENYING MOTION FOR RECUSAL

Plaintiffs have filed suit against Defendants, alleging that Defendants violated their civil rights by arresting and detaining them during a hostage situation at Eagle Nation Cycles in December 2015. The matter is currently before the Court on Plaintiffs' motion requesting that I recuse myself from the case. Dkt. No. 19. That motion will be denied.

A district judge is required to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). But "[t]he decision whether a judge's impartiality can reasonably be questioned is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 541 U.S. 913, 914 (2004) (internal quotations omitted). Any claim of bias "'must be grounded in some personal animus or malice that the judge harbors . . . of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes.'" *Grove Fresh Distrib. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985)). And any "recusal inquiry must be 'made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts and circumstances*.'" *Cheney*, 541 U.S. at

924 (quoting *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)) (emphases added in *Cheney*). Judicial remarks made during the course of a trial and judicial rulings will rarely provide a valid basis for a recusal motion. *Grove Fresh*, 299 F.3d at 640 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "The evidence must reflect a 'deep-seated favoritism or antagonism as would make fair judgment impossible.'" *Id.* (quoting *Liteky*, 510 U.S. at 555).

Plaintiffs base their recusal motion not on any showing of actual impartiality but on the appearance of partiality they impute to me based on my rulings in earlier cases arising from the same course of events as in the case at hand. In the first case, *Eagle Nation Cycles v. City of Neenah*, No. 14-C-1503-WCG, 2016 WL 259321 (E.D. Wis. Jan. 20, 2016), the plaintiffs, including one of the individual plaintiffs in this case, sued the City of Neenah, its police department, a state court judge, the chief and a captain of the police department, and Winnebago County for violations of various constitutional and statutory rights, all preceding the events giving rise to this case. I granted a motion to dismiss for failure to prosecute based on the plaintiffs' failure to appear for properly noticed depositions and the attorney's failure to communicate with counsel for the defendants and awarded fees against the plaintiffs' attorney as a sanction under Federal Rule of Civil Procedure 37(d)(3). No appeal was taken.

In the second case the plaintiffs cite, *Mason-Funk v. City of Neenah*, 296 F. Supp. 3d 1006 (E.D. Wis. 2017), *aff'd*, 895 F.3d 504 (7th Cir. 2018), the estate of a hostage killed during a stand-off between an armed assailant and police at the Eagle Nation Cycles shop sued the City of Neenah and two of its officers for their alleged use of excessive force. I granted summary judgment in favor of the defendants on the ground that the undisputed material facts established that the officers had not violated the decedent's constitutional rights and that, alternatively, they were entitled to qualified immunity. The Court of Appeals affirmed on the ground of qualified immunity. 895

F.3d at 505. Plaintiffs in this case include the hostages that stayed inside during the stand-off and who were later taken into custody by the defendant police officers. Plaintiffs claim that Defendants violated their Fourth and Fourteenth Amendment rights by detaining them without probable cause to believe they committed any crime. Plaintiffs contend that my involvement in these prior cases would be viewed by a reasonable observer as a potential conflict of interest warranting recusal.

I disagree. Plaintiffs have made no showing that I have evinced "a deep-seated favoritism or antagonism as would make fair judgment impossible." *See Liteky*, 510 U.S. at 555. They point to no statements involving extrajudicial sources, no actual financial or personal conflicts of interest, nor any other evidence showing that "the risk of bias was too high to be constitutionally tolerable." *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009) (holding that a defendant's substantial contributions to a judge's election campaign demonstrated extreme potential for bias); *In re City of Milwaukee*, 788 F.3d 717, 722–23 (7th Cir. 2015) (holding that opinions developed and comments expressed by the judge, even those that exhibit impatience, annoyance, or anger, during litigation do not require recusal unless they make a fair hearing impossible); *Grove Fresh*, 299 F.3d at 640 (holding that negative judicial rulings against the plaintiff were insufficient to establish bias warranting recusal). Plaintiffs' motion rests on prior rulings in unrelated cases that they believe favored the City of Neenah and its police department. Neither ruling was shown to be in error, however, and the latter ruling was affirmed by the Court of Appeals. Neither involved the claims that are asserted in this case. "[A]bsent extraordinary circumstances," judicial rulings "are not grounds for recusal." *Grove Fresh*, 299 F.3d at 640.

The facts as they exist demonstrate that there are no extraordinary circumstances requiring recusal. I do not doubt my ability to preside over this case fairly and impartially; nor do I doubt

3

that reasonable observers would perceive that I could do so. Accordingly, Plaintiffs' motion for recusal (Dkt. No. 19) is hereby **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of June, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge